Chad E. Adams
Hallee Frandsen
**BROWNING, KALECZYC, BERRY & HOVEN, P.C.**
800 N. Last Chance Gulch, Ste. 101
Helena, Montana 59601
Phone: (406) 443-6820
Fax: (406) 443-6883
Chad@bkbh.com
Hallee@bkbh.com

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Troy A. Stram (*pro hac vice*)
**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

*Attorneys for Defendant Drink LMNT, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA

| | |
|---|---|
| LISA VAUGHN, BARBARA SCOLARO, JORDAN JAROSKY, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>DRINK LMNT, INC., dba LMNT,<br><br>       Defendant. | Case No. 2:25-cv-00052<br><br><br>DEFENDANT DRINK LMNT, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE |

Plaintiffs' Opposition to LMNT's Request for Judicial Notice ("Request") of Exhibits attached to LMNT's Motion to Dismiss ("Motion") fails for several reasons. *First*, the Brams Declaration supports the Exhibits and allows the Court to consider LMNT's Exhibits along with its Motion. *Second*, Exhibits A, B, C, and D are publicly available and taken from LMNT's website, which Plaintiffs rely on heavily in their FAC. These Exhibits thus qualify for incorporation and judicial notice. *Third*, Exhibit E is an exemplar of the Product's labels that is subject to Plaintiffs' challenges and allegations. It is at the center of Plaintiffs' case, and courts routinely consider a product's packaging in these circumstances. Exhibit E therefore should also be considered by the Court. Accordingly, the Court should reject Plaintiffs' challenges to LMNT's Exhibits.

## ARGUMENT

### I.     The Brams Declaration Properly Supports LMNT's Exhibits.

Plaintiffs argue the Brams Declaration cannot support judicial notice of the Exhibits. Opp. at 7. But Plaintiffs do not explain why the Declaration cannot support judicial notice, instead vaguely noting "[c]ourts generally cannot consider material outside the complaint." *Id.* To be sure, courts generally do not consider extraneous material in ruling on a motion to dismiss. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Courts, however, may consider documents incorporated by reference in a plaintiff's complaint and those documents subject to

1

judicial notice under Fed. R. Evid. 201. *See, e.g.*, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). A defendant, to properly submit such documents for the court's consideration, offers a declaration that supports the authenticity and accuracy of the submitted materials. *See Silva v. Haleon US Inc.*, 758 F. Supp. 3d 1082, 1086–87 (N.D. Cal. 2024) (noting declarations are used to support requests for judicial notice). Here, LMNT accomplishes that goal with the Brams Declaration, which establishes each of the Exhibits as true and correct copies. *See* Brams Decl. The Brams Declaration does not include extraneous facts or attempt to rebut the merits of Plaintiffs' FAC; instead, it serves to notify the Court that each Exhibit is accurate and identifies where the Court can publicly access the website Exhibits. *See id*. The Court should reject Plaintiffs' argument because the Brams Declaration properly supports notice of the Exhibits and offers no extraneous facts.

## II. LMNT's Website is Incorporated by Reference and Judicially Noticeable.

Plaintiffs argue judicial notice of LMNT's website and Exhibits A, B, C, and D would be inappropriate because they contain "information published on private websites, including information that appears on LMNT's website."[1] Opp. at 5–6.

---

[1] Plaintiffs classify LMNT's website as a "private website." Opp. at 5. That is incorrect. A private website is a secure, restricted online platform accessible only to authorized users. A public website, conversely, is a website on the World Wide Web that can be accessed by anyone with an internet connection and a browser without needing special authentication. LMNT's website is a public website.

Plaintiffs' own FAC undercuts their Opposition. They include images from LMNT's website and quote extensively from it. FAC ¶¶ 25, 46–47, 63. And Plaintiffs base their claims on representations LMNT made on its website. *Id.* ¶¶ 2, 12, 33, 47, 50, 63. Further still, Plaintiffs' images and quotes from LMNT's website reference other webpages and representations on the website. *See id.* ¶ 46 ("You can find the nutrition facts panels for every flavor of LMNT Drink Mix and Sparkling by visiting our webstore and scrolling through the product images."). The purpose of incorporation and judicial notice is to address this exact scenario. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

Moreover, Plaintiffs' claims turn on whether LMNT improperly concealed its use of maltodextrin, so LMNT's disclosure about its use of maltodextrin on its website—which Plaintiffs admit they visited and reviewed extensively—is central. *See* FAC ¶¶ 2, 28, 47. Indeed, courts routinely take judicial notice of publicly available websites. *See Hamerling v. Google LLC*, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) (granting judicial notice of information from defendant's website and observing that "[p]ublicly accessible websites . . . are proper subjects of judicial notice"); *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 895–96 (N.D. Cal. 2022) (granting request for judicial notice of information on websites); *In re Google*

*Location Hist. Litig.*, 428 F. Supp. 3d 185, 189-90 (N.D. Cal. 2019) (granting judicial notice of publicly available websites, including privacy disclosures); *see also Parziale v. HP, Inc.*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (granting judicial notice of online store). Each of these Exhibits can be found online and is capable of being verified by visiting the links LMNT provided in the Brams Declaration. That is all this Circuit's law requires for courts to consider incorporated and judicially noticed documents. *See Coto Settlement*, 593 F.3d at 1038; Fed. R. Evid. 201(b)(1)–(2). This Court should therefore reject Plaintiffs' Opposition in this respect.

**A. Exhibit A is incorporated by reference and judicially noticeable.**

Plaintiffs admit Exhibit A is incorporated by reference in their FAC. Opp. at 8. They contend, however, that Exhibit A may not be used to draw conclusions against Plaintiffs' FAC. Opp. at 9. But "a court may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Nolan v. Detroit Edison Co.*, 991 F.3d 697, 708 (6th Cir. 2021) (explaining "[w]hen a document contradicts allegations in the complaint, rendering them implausible, 'the exhibit trumps the allegations.'" (quoting *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017))). Despite binding Ninth Circuit precedent to the contrary, Plaintiffs insist consideration of Exhibit A is premature and cannot "serve

to dispute facts stated in a well-pleaded complaint." Opp. at 8. Exhibit A does not "dispute" Plaintiffs' FAC. It instead serves to complete it by providing the *entire* blog post from which Plaintiffs heavily, but selectively, quote. *Compare* FAC ¶ 47, *with* Brams Decl., Ex. A. As explained above, the incorporation and judicial notice doctrines serves this exact purpose. *Khoja*, 899 F.3d at 1002.

### B. Exhibits B and D are incorporated by reference and judicially noticeable.

Plaintiffs next argue incorporation as to Exhibits B and D is improper because their claims do not turn on either Exhibit. Opp. at 9. Not so. LMNT has demonstrated the "integral" relationship between those Exhibits and Plaintiffs' FAC. *Coto Settlement*, 593 F.3d at 1038; Request at 3–7. Indeed, Exhibit B is an earlier version of the blog post on LMNT's website that Plaintiffs extensively quote from in their FAC. FAC ¶ 47. And Exhibit D is a subsequent version of LMNT's homepage that Plaintiffs' excerpt directly into their FAC. *Id.* ¶ 25. These Exhibits wholly serve the incorporation doctrine's purpose of "prevent[ing] plaintiffs from selecting only portions of documents that support their claims." *Khoja*, 899 F.3d at 1002.

Plaintiffs further contend LMNT has not shown they viewed Exhibits B and D. Opp. at 10. But Plaintiffs' themselves admit they visited LMNT's website repeatedly in their FAC, including during the time period from which Exhibits B and D were available. *See, e.g.*, FAC ¶¶ 12–14. Plaintiffs thus cannot dispute that Exhibits B and D are incorporated by reference and judicially noticeable.

**C. Exhibit C is incorporated by reference and judicially noticeable.**

Lastly, Plaintiffs assert Exhibit C cannot be considered by the Court because they do not reference it in their FAC. Opp. at 12. But "even though [the FAC] did not 'allege or describe the contents of the surrounding pages,' it [is] proper to incorporate them because [Plaintiffs'] claim[s] necessarily depended on them." *Khoja*, 899 F.3d at 1002 (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). Indeed, Plaintiffs allege they purchased the Product directly from LMNT's website and so necessarily would have been exposed to LMNT's refund policy copied in Exhibit C. FAC ¶ 12. The Court therefore may properly consider LMNT's website Exhibits.

**III.   The Product's Labels are Incorporated by Reference and Judicially Noticeable.**

Plaintiffs argue Exhibit E, an exemplar image of the label and packaging for LMNT's Product, cannot be considered by the Court. Opp. at 12. That is wrong. "Courts addressing motions to dismiss product-labeling claims routinely take judicial notice of images of the product packaging." *Kanfer v. Pharmcare US, Inc.*, 142 F. Supp. 3d 1091, 1098–99 (S.D. Cal. 2015). Indeed, it is difficult to conceive of the Court evaluating Plaintiffs' challenges to LMNT's packaging and labeling without being able to consider that same packaging and labeling.

And Plaintiffs' attack on the authenticity of Exhibit E without explaining why it is inauthentic is unavailing. Opp. at 13. First, as explained above, the Brams

Declaration supports the authenticity of Exhibit E and dispels Plaintiffs' assertions to the contrary. Second, courts regularly find declarations sufficient to establish a product's label and packaging as authentic. *See, e.g.*, *Lam v. General Mills, Inc.*, 859 F. Supp. 2d 1097, 1100 (N.D. Cal. 2012) (considering exhibits showing product's packaging "filed [with] a declaration in support of [defendant's] motion"); *Rooney v. Cumberland Packing Corp.*, 2012 WL 1512106, at *2 (S.D. Cal. Apr. 16, 2012) (taking notice of reproductions of the panels of the product at issue). Plaintiffs' arguments here are unavailing, and the Court need not dwell on them.

## CONCLUSION

The Court should consider Exhibits A, B, C, D, and E in ruling on LMNT's Motion.

Dated: March 2, 2026              Respectfully submitted,

*/s/ Chad E. Adams*
Chad E. Adams
Hallee Frandsen
**BROWNING, KALECZYC,**
**BERRY & HOVEN, P.C.**
800 N. Last Chance Gulch, Ste. 101
Helena, Montana 59601
Phone: (406) 443-6820
Fax: (406) 443-6883
Chad@bkbh.com
Hallee@bkbh.com

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Troy A. Stram (*pro hac vice*)
**ALSTON & BIRD LLP**

7

1201 W. Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

*Counsel for Defendant Drink LMNT, Inc.*

8

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief contains 1,605 words, excluding captions, certificate of compliance, table of contents and authorities, exhibit index, and certificate of service. In making this certification, I relied on the word count function in Microsoft Word, which was used to prepare this brief.

*/s/ Chad E. Adams*
Chad E. Adams
**BROWNING, KALECZYC,**
**BERRY & HOVEN, P.C.**
800 N. Last Chance Gulch, Ste. 101
Helena, Montana 59601
Phone: (406) 443-6820
Fax: (406) 443-6883
Chad@bkbh.com

*Counsel for Defendant Drink LMNT, Inc.*

9

## CERTIFICATE OF SERVICE

I certify that on March 2, 2026, I served the foregoing on all counsel of record by filing the pleading with the Court's electronic court filing (ECF) system, which automatically notifies all counsel of record.

/s/ Chad E. Adams
Chad E. Adams
**BROWNING, KALECYZC,
BERRY & HOVEN, P.C.**
800 N. Last Chance Gulch, Ste. 101
Helena, Montana 59601
Phone: (406) 443-6820
Fax: (406) 443-6883
Chad@bkbh.com

Counsel for Defendant Drink LMNT, Inc.

10