Chad E. Adams
Hallee Frandsen
**BROWNING, KALECZYC, BERRY & HOVEN, P.C.**
800 N. Last Chance Gulch, Ste. 101
Helena, Montana 59601
Phone: (406) 443-6820
Fax: (406) 443-6883
Chad@bkbh.com
Hallee@bkbh.com

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Troy A. Stram (*pro hac vice*)
**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

*Attorneys for Defendant Drink LMNT, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| LISA VAUGHN, BARBARA SCOLARO, JORDAN JAROSKY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Drink LMNT, Inc.,<br>Defendant. | CV 25-52-BU-WWM<br><br>DEFENDANT DRINK LMNT, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY |

Pursuant to Local Rule 7.4, Defendant Drink LMNT, Inc., notifies the Court of the following supplemental authority: *Sciortino, et al. v. Drink LMNT, Inc.*, No. 1:25-cv-03126, ECF No. 32 (E.D.N.Y. Aug. 14, 2026), entered after the close of briefing and oral argument on LMNT's motion to dismiss in this matter.

In *Sciortino*, the plaintiffs lodged consumer protection claims against LMNT based on the same facts and theories Plaintiffs push here. But *Sciortino* dismissed the vast majority of those claims ***with prejudice*** because (1) the plaintiffs failed to allege causation, (2) no reasonable consumer would be deceived as the Products' "packaging was not misleading," and (3) certain of LMNT's representations were non-actionable puffery. *Sciortino*, slip op. at 20. LMNT makes those same arguments here.

First, *Sciortino* enforced the bedrock causation requirement that plaintiffs "must allege that they 'saw the misleading statements of which they complain before they purchased or came into possession of Defendant's [product].'" *Sciortino*, slip op. at 10 (citation omitted). The court refused to credit the plaintiffs' assertion they "reviewed Defendant's claims on the website'"—holding that such generic allegations are no substitute for identifying the specific representations that drove purchasing decisions. *Id.* at 10–11. Plaintiffs here employ the same vague pleading tactic, and it should fail for the same reason. *See* Dkt. 41 at 30–32 (explaining Plaintiffs alleged only that they were "presented with the misrepresentations").

Second, the *Sciortino* court rejected the same front-label theory Plaintiffs press here—that LMNT's prominent display of electrolyte components misleads consumers about the Product's composition. *Sciortino* held that "no reasonable consumer could be misled" because LMNT's packaging "confirms that the prominently mentioned components—potassium, sodium, and magnesium—do, in fact, predominate" over maltodextrin, meaning there is "no misleading statement upon which Plaintiffs can base a claim." *Sciortino*, slip op. at 20–24. The same packaging is at issue here, and the same result should follow. *See* Dkt. 41 at 13–18.

Third, the *Sciortino* court held the representation "no dodgy ingredients" is non-actionable puffery, reasoning that "'dodgy' is a subjective characterization that names no ingredient and implies no condition against which its truth could be tested. *Sciortino*, at 25–28. Plaintiffs' identical challenges fail here. Dkt. 41 at 22–23.

While *Sciortino* allowed two narrow claims to survive, LMNT submits that portion of the court's holding was erroneous. The keto/paleo "friendly" and whole-food consistent claims fail because those subjective assessments constitute puffery untethered to any objective standard, those claims would not mislead a reasonable consumer, and Plaintiffs do not allege causation by failing to identify where they viewed those representations. Dkt. 41 at 21–24, 31–32.

At bottom, *Sciortino* further supports LMNT's arguments that Plaintiffs' fail to state a claim under Rule 12. *Compare Sciortino*, ECF No. 32, *with* Dkt. 41.

Dated: August 17, 2026

Respectfully submitted,

/s/ Chad E. Adams
Chad E. Adams
Hallee Frandsen
**BROWNING, KALECZYC,
BERRY & HOVEN, P.C.**
800 N. Last Chance Gulch, Ste. 101
Helena, Montana 59601
Phone: (406) 443-6820
Fax: (406) 443-6883
Chad@bkbh.com
Hallee@bkbh.com

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Troy A. Stram (*pro hac vice*)
**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

*Counsel for Defendant Drink LMNT, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, I caused the foregoing documents to be served upon all counsel of record via the Court's CM/ECF system and email.

*/s/ Chad E. Adams*
Chad E. Adams
**BROWNING, KALECZYC,**
**BERRY & HOVEN, P.C.**
800 N. Last Chance Gulch, Ste. 101
Helena, Montana 59601
Phone: (406) 443-6820
Fax: (406) 443-6883
Chad@bkbh.com

*Counsel for Defendant Drink LMNT, Inc.*